IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 17-cv-01229-RBJ

SUSANNE J. BELL,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING DENIAL

This matter is before the Court on review of the Social Security Administration ("SSA") Commissioner's decision denying claimant Susanne Bell's application for supplemental security income under Title XVI of the Social Security Act. Jurisdiction is proper under 42 U.S.C. § 405(g). For the reasons explained below, the Court affirms the Commissioner's decision.

## I. STANDARD OF REVIEW

This appeal is based upon the administrative record and the parties' briefs. In reviewing a final decision by the Commissioner, the District Court examines the record and determines whether it contains substantial evidence to support the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). A decision is not based on substantial evidence if it is "overwhelmed by other evidence in the record." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988). Substantial evidence requires "more than a scintilla, but less than a preponderance." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Evidence is not substantial if it "constitutes mere conclusion."

*Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Reversal may also be appropriate if the Commissioner applies an incorrect legal standard or fails to demonstrate that the correct legal standards have been followed. *Winfrey*, 92 F.3d at 1019.

## II. BACKGROUND

Ms. Bell was born in 1961 and was 55 at the time of the ALJ's decision. ECF No. 25 at 4. She has a college degree, but was married shortly after college and became a homemaker for most of her adult life. R. 167, 169, 176, 180, 187. She was employed briefly in part-time jobs as a lunch lady at school, as a waitress, and as a daycare provider. R. 74, 176–79, 249. She has not been employed since October 2008. R. 74, 135–37, 149. She was arrested in 2011 for domestic violence and became homeless for a year in 2012 and 2013. R. 29, 167.

She filed for disability alleging post-traumatic stress disorder ("PTSD") stemming from childhood sexual molestation and trauma. R. 66, 159, 249. Her PTSD was diagnosed in 2011 after she was arrested. R. 197, 249. She is medicated and in counseling for her PTSD, and she occasionally self-medicates with alcohol. R. 212. She was diagnosed with borderline personality disorder ("BPD") in January 2016, but she claims that she was not informed of the diagnosis. R. 552. In fact, she claims that the ALJ's decision was the first time she learned about the BPD diagnosis. *See* R. 573.

**A. <u>Procedural History</u>.**

Ms. Bell filed a claim for supplemental security income on November 25, 2014. R. 23. Ms. Bell alleged disability beginning October 1, 2008. *Id.* Her claims for benefits were denied on February 19, 2015. *Id.* Ms. Bell then requested a hearing, which was held before Administrative Law Judge ("ALJ") Patricia E. Hartman on November 8, 2016. *Id.* The ALJ issued a decision denying benefits on December 19, 2016. R. 20–31. The Appeals Council

denied Ms. Bell's Request for Review on February 23, 2017, rendering the ALJ's determination the final decision of the Commissioner for purposes of judicial review. R. 1. Ms. Bell filed a timely appeal in this Court, appearing *pro se*.

**B. The ALJ's Decision.**

The ALJ issued an unfavorable decision after evaluating the evidence according to the SSA's standard five-step process. R. 23–31. First, the ALJ found that Ms. Bell had not engaged in substantial gainful activity since the application date of November 25, 2014.[1] R. 25. At step two, the ALJ found that Ms. Bell had the severe impairments of depression, PTSD, BPD, and alcohol abuse. *Id*. The ALJ found that the alleged conditions of glaucoma and varicose veins were nonsevere impairments. *Id.* At step three, the ALJ concluded that Ms. Bell did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

The ALJ then found that Ms. Bell retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with several nonexertional limitations. R. 27. In particular, Ms. Bell is limited to simple, routine, repetitive tasks, can have occasional interaction with supervisors and co-workers but no interaction with the public, and cannot climb ladders or work at heights. *Id.* At step four, the ALJ noted that Ms. Bell has no past relevant work. R. 30. At step five, the ALJ determined that "jobs exist in significant numbers in the national economy that the claimant can perform." *Id.* As a result, the ALJ concluded that Ms. Bell was not disabled. *Id.*

---

[1] Although Ms. Bell alleged an onset date in 2008, supplemental security income is not payable prior to the month following the month in which the application was filed. 20 C.F.R. § 416.335.

**III. DISCUSSION**

Ms. Bell, who is appearing *pro se* after her attorney withdrew in December 2016, does not expressly allege any error on the part of the ALJ in making her determination. *See* R. 10. Instead, she rehashes her diagnoses of PTSD and BPD and recounts her personal history and family life. *See* ECF No. 22 at 1–2. She includes letters from her outpatient therapist and primary health care providers confirming that she is receiving treatment for her PTSD and BPD and opining that she is disabled. *Id.* at 3–6. She also reiterates the reasons she needs supplemental security income, noting that "[m]y financial needs are met, except I need SSI to be able to see my daughter in Texas . . . I need money to rent a car/motel room." *Id.* at 2 (emphasis in original). While the Court is sympathetic to Ms. Bell's financial needs, she has not provided any reason to find error in the ALJ's well-reasoned decision concluding that she is not disabled.

The only substantive argument Ms. Bell appears to make (as pieced together from her notes in the margins of her briefs) is that the ALJ and/or her attorney did not address her diagnosis of BPD. *See id.* at 7 ( Ms. Bell notes that she was diagnosed with BPD in January 2016, "but was never told," and contends that the SSA, her ALJ, and her attorney "all knew about Borderline Personality (I didn't) – but they didn't address it!") (emphasis in original); *see also* ECF No. 27 at 2 (with respect to her listed impairments in her initial application for disability, which did not include BPD, Ms. Bell writes that her attorney "didn't address it because I wasn't treated!") (emphasis in original).

However, while Ms. Bell's application for disability did not allege an impairment due to BPD, and in fact she did not receive this diagnosis until January 2016, the ALJ took the BPD diagnosis into account when she found at step two that Ms. Bell's BPD constituted a severe impairment. *See* R. 27, 159. Indeed, Ms. Bell acknowledges that she first learned of her BPD

diagnosis in the ALJ's Denial.  *See* ECF No. 27 at 3.  Moreover, though the ALJ did not expressly reference the diagnosis of BPD in determining Ms. Bell's RFC, the ALJ affirmed that she considered the entire record and "all symptoms" at this step.  *Id.*; *see also Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("[I]n assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments.").  Taking the ALJ at her word, I am satisfied that her determination of the RFC included by implication the BPD diagnosis and any related symptoms.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (the general practice in the Tenth Circuit "is to take a lower tribunal at its word when it declares that it has considered a matter.").  Moreover, in the RFC section, the ALJ cited the very medical opinion in which Ms. Bell's BPD diagnosis first appeared.  *See* R. 28 (citing Exhibit 6F, Dr. Bhargava's January 14, 2016 opinion at R. 408).  I am therefore satisfied that the ALJ's decision sufficiently accounted for Ms. Bell's BPD—perhaps even giving this diagnosis more credence than the record would support—and that Ms. Bell has not explained how the ALJ erred with respect to consideration of this impairment or any others.

The Commissioner makes several additional arguments supporting the ALJ's decision. *See* ECF No. 25 at 5–8.  However, I need not reach these contentions, since Ms. Bell did not raise any additional arguments in her brief.  Although the Court liberally construes "pro se filings, we will not assume the role of advocate and make [her] arguments for [her]."  *Kenney v. SSA Odar Hearing*, 640 F. App'x 803, 805 (10th Cir. 2016) (quoting *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013)).  Even affording Ms. Bell's briefs a liberal construction, she has not raised a valid argument as to how the ALJ erred in concluding that she was not disabled.  *See id.*

5

**ORDER**

For the reasons described above and upon review of the record, I find that the Commissioner's decision was supported by substantial evidence, and that there was no legal error. As a result, the Court AFFIRMS the Commissioner's decision denying claimant Susanne Bell's application for supplemental security income.

DATED this 15th day of June, 2018.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge